# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 14-916V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
MARGARET HAWORTH,

      Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Dated: April 19, 2016

Attorney's Fees and Costs; Forum Rate;

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Adriana Teitel*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

      On September 29, 2014, Margaret Haworth filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] In the petition, Ms. Haworth alleged she developed bilateral sensorineural hearing loss and acute disseminated encephalomyelitis as a result of receiving the influenza vaccine. The case was settled approximately a year later, and I issued a decision awarding Petitioner compensation on October 15, 2015. ECF No. 23.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

On February 24, 2016, Petitioner filed a Motion requesting an award of attorney's fees in the amount of $26,469.90, and costs in the amount of $1,195.34, for a total amount of $27,665.24. ECF No. 27. In accordance with General Order No. 9, Petitioner's counsel also represented that Petitioner separately incurred $135.33 in reimbursable costs in proceeding with this petition. ECF No. 28.

On March 14, 2016, Respondent filed a document reacting to Petitioner's Motion. ECF No. 30. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id*. at 2. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2, n.2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $20,000 and $25,000, providing no substantiation for this proposed range. *Id*.

On March 24, 2016, Petitioner filed a reply. ECF No. 31. Petitioner argued that Respondent's reference to an unfiled "survey" for a proposed range of fees is not appropriate. *Id*. at 4. Petitioner also points to other special master decisions that reject blanket objections and vague responses by Respondent. *Id*. at 6.[3]

The Vaccine Act permits an award of reasonable attorney's fees and costs to prevailing parties. Section 15(e). I have reviewed the billing records submitted with Petitioner's initial request and, based on my discretion and Vaccine Program experience, find no cause to reduce the requested hours or rates. The attorneys and paralegals in this matter request hourly rates consistent with those proposed in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Therefore, I find the requested rates reasonable. Furthermore, Petitioner's request for an additional fee of $684.50[4] for preparation of the reply is also reasonable.

As noted above, Petitioner also requests an award of costs in the amount of $1,195.34. ECF No. 27. Respondent does not object to these costs as unreasonable, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs. **I award a total of $28,348.74[5] as a lump sum**

---

[3] Petitioner requested additional attorney's fees in the amount of $684.50 for preparing the reply. ECF No. 32. She did not, however, provide specific billing entries describing how this time was expended.

[4] Petitioner's counsel was awarded less money for a very similar reply subsequently filed in a different case. In the future, I will not grant more than $300 for similar replies filed in other cases.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3)

2

**in the form of a check jointly payable to Petitioner and Petitioner's counsel Mr. Ronald Homer. I also award a total of $135.33 as a lump sum in the form of a check payable solely to Petitioner in accordance with her General Order No. 9 submission.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.